JOSEPH RILEY *v.* JOHN T. ALBERTSON.

[Abstract Kentucky Law Reporter, Vol. 3—391.]

**Capacity to Contract.**

Evidence of witnesses who give it as their opinion that a person has or has not capacity to contract, without stating any facts on which they base their opinion of his capacity except that he is a bad trader, is not of very great weight.

**Mental Capacity to Understand.**

When a person has mind enough to understand the subject, that is, deliberate upon the matter and weigh the consequence, he is competent to contract, and no mere want of skill or experience or weakness of mind will destroy mental capacity to contract, but these elements are to be considered where fraud is charged.

APPEAL FROM GREENUP CIRCUIT COURT.

November 8, 1881.

OPINION BY JUDGE HARGIS:

It appears from the evidence that appellant sold a horse for $200, which was more than it was worth, to the appellee, who let him have a wagon at $100 and executed a note for the remainder, and a mortgage to secure its payment. Appellee also let him have a bridle, saddle and sewing machine on the mortgage.

The appellant threatened to sue on the mortgage, and they thereupon had a settlement in which appellee on his side was allowed,

| | |
|---|---:|
| The mortgage of | $100.00 |
| A second mortgage for | 36.00 |
| Interest on both mortgages at ten per cent. for one year | 13.60 |
| Amount paid William Riley | 11.50 |
| Money | 39.00 |
| One year's interest on it | 3.90 |
| Making | $204.00 |
| And appellee was credited by machine at | 25.00 |
| The bridle and saddle at | 15.00 |
| And the same horse purchased of appellant to whom he returned him | 76.00 |
| | $116.00 |

This left the sum of $88; but the appellant executed a note and mortgage for $98.91 to appellant, who brought this suit to foreclose that mortgage. A judgment was rendered against him for costs, from which appellant appeals, and the appellee prays a cross-appeal.

Whether appellee was competent to make a contract when he

bought the horse from appellant and executed the mortgage for the balance of the price is the only question necessary to settle with reference to that transaction, for if he was competent to contract we have no power to relieve him from a bad bargain or to release him from his liability to appellant to pay the price agreed, although it was more than the horse was worth. None of the witnesses who testify touching his competency to contract state any facts on which they base their opinion of his capacity except that he is a bad trader, and let an estate of $1,300 belonging to himself and an estate of over $20,000 belonging to his mother slip through his hands, and he now has no property outside of a horse or two and a cow, mortgaged to appellant to pay the debt sued for.

He is about thirty years old. He refused to take the advice of some of his neighbors who urged him to quit trading. Most of the witnesses for him say that he has not capacity to transact business in a prudent discreet manner. Legal capacity, however, is not necessarily accompanied by prudence and discretion. These elements are frequently lacking in the strongest minds. When a person has mind enough to understand the subject, that is, deliberate upon the matter and weigh the consequences, he is competent to contract, and no mere want of skill or experience or weakness of mind will destroy mental capacity to contract; but these elements are to be considered where fraud is charged, as in this case.

The deposition given by appellee himself develops considerable mental ability upon his part. He gives dates, amounts, conversations and terms of contracts and transactions with ordinary accuracy, and the language used by him is far better than that of the average witness, and his testimony is entirely free from any defect of reason that might lead a man to testify against his own interest, and we must conclude from it that he was competent to contract.

There is no evidence in the record sufficient to establish that any fraud had been practiced upon him in the sale of the horse, or the execution of the mortgage for the $36. But in the settlement they made at the time appellee executed the mortgage and note sued on, the evidence shows that the full amount of the payments made by appellee were not allowed to him. He should have been credited with $155, which the evidence shows the horse, sewing machine, saddle and bridle were worth, when appellant received them from appellee.

Wherefore the judgment is *reversed* and cause remanded with directions to render judgment in behalf of appellant for $49, with interest from April 22, 1876.

Judgment *affirmed* on the cross-appeal.

*B. F. Bennett, for appellant.*

*G. T. Halbert, for appellee.*